UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL BLANCHETTE
  *Plaintiff,*

v.                  C.A. No. 1:20-cv-00231-WES-PAS

THE TOWN OF NARRAGANSETT,
By and through its Treasurer, CHRISTINE
SPAGNOLI,
CHIEF SEAN CORRIGAN, in his individual
And Official Capacities; OFFICER KYLE
ROONEY, in his individual and official
Capacities; SUPERINTENDENT
PETER CUMMINGS, in his individual and
Official capacities; and PRINCIPAL DANIEL
WARNER, in his individual and official
Capacities.
  *Defendants.*

## **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Now come Defendants, the Town of Narragansett, by and through its Treasurer, Christine Spagnoli, Chief Sean Corrigan, in his individual and official capacities, Officer Kyle Rooney, in his individual and official capacities, Superintendent Peter Cummings, in his individual and official capacities, and Principal Daniel Warner, in his individual and official capacities and hereby answer Plaintiff, Michael Blanchette's amended complaint as follows:

1. These defendants admit only to the extent that Michael Blanchette was stopped by Officer Kyle Rooney, a school resource officer assigned by the Narragansett Police Department to the Narragansett School System and placed at Narragansett High School but deny the remaining allegations contained in paragraph 1 of that portion of the Plaintiff's amended complaint in the untitled section of the complaint.

2. Defendants deny the allegations contained in Paragraph Nos. 2 and 4 of that portion of the Plaintiff's complaint in the untitled section of the amended complaint.

3. Defendants admit the allegations contained in Paragraph No. 3 of that portion of the Plaintiff's complaint in the untitled section of the amended complaint.

As to "Parties"

4. Defendants admit the allegations contained in Paragraph Nos. 5 and 6 of that portion of the Plaintiff's amended complaint entitled "Parties".

5. Defendants admit the allegations contained in Paragraph Nos. 7, 8, 9 and 10 of the Plaintiff's amended complaint entitled "Parties" but object and contest suit being brought in their individual capacities.

As to "Jurisdiction"

6. Defendants make no response to the allegations contained in Paragraph Nos. 11 and 12 of the Plaintiff's amended complaint entitled "Jurisdiction" and leave Plaintiff to his proof of same.

7. Defendants admit the allegations contained in Paragraph No. 13 of the Plaintiff's amended complaint entitled "Jurisdiction".

As to "Facts"

8. Defendants deny the allegations contained in Paragraph No. 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 28, 30, 32, and 33 of the Plaintiff's amended complaint entitled "Facts."

9. Defendants admits the allegations contained in Paragraph No. 26, 27, 29, and 31 of the Plaintiff's amended complaint entitled "Facts."

10. Defendants admit the allegations contained in Paragraph No. 25 that Plaintiff Michael Blanchette was charged with disorderly conduct and resisting arrest on or about February 21, 2018, but deny the remaining allegations contained in Paragraph No. 25.

As to "Notice of Claim"

11. These defendants admit the allegations contained in paragraph 34 of that portion of the plaintiff's amended complaint entitled "Notice of Claim."

As to "Count I – 42 U.S.C. §1983 Illegal Stop and Seizure – Defendant Officer Kyle Rooney"

12. As to paragraph 35 of that portion of the plaintiff's amended complaint entitled "Count I," these defendants incorporate and repeat their answers herein to the allegations contained in paragraphs 1 through 34 as if incorporated and reiterated herein.

13. Defendants admit the allegations contained in Paragraph No. 36 of the Plaintiff's amended complaint entitled "Count 1."

14. Defendants deny the allegations contained in Paragraph No. 37, 38, 39, 40 of the Plaintiff's amended complaint entitled "Count 1."

As to "Count II – 42 U.S.C. §1983 Excessive Force – Defendant Officer Kyle Rooney"

15. As to paragraph 41 of that portion of the plaintiff's amended complaint entitled "Count II,", these defendants incorporate and repeat their answers herein to the allegations contained in paragraphs 1 through 40 as if incorporated and reiterated herein.

16. Defendants admit the allegations contained in Paragraph No. 42 of the Plaintiff's amended complaint entitled "Count II."

17. Defendants deny the allegations contained in Paragraph No. 43, 44, 45, and 46 of the Plaintiff's amended complaint entitled "Count II."

As to "Count III – First Amendment Retaliation – Defendants Officer Kyle Rooney and Chief Sean Corrigan"

18. As to paragraph 47 of that portion of the plaintiff's amended complaint entitled "Count III," these defendants incorporate and repeat their answers herein to the allegations contained in paragraphs 1 through 46 as if incorporated and reiterated herein.

19. Defendants admit the allegations contained in Paragraph No. 48 of the Plaintiff's amended complaint entitled "Count III."

20. Defendants deny the allegations contained in Paragraph No. 49, 50, 51, 52, 53, and 54 of the Plaintiff's amended complaint entitled "Count III."

As to "Count IV – Assault – Defendant Kyle Rooney"

21. As to paragraph 55 of that portion of the plaintiff's amended complaint entitled "Count IV," these defendants incorporate and repeat their answers herein to the allegations contained in paragraphs 1 through 54 as if incorporated and reiterated herein.

22. Defendants deny the allegations contained in Paragraph No. 56, 57, and 58 of the Plaintiff's amended complaint entitled "Count IV."

As to "Count V – Battery – Defendant Kyle Rooney"

23. As to paragraph 59 of that portion of the plaintiff's amended complaint entitled "Count V," these defendants incorporate and repeat their answers herein to the allegations contained in paragraphs 1 through 58 as if incorporated and reiterated herein.

24. Defendants deny the allegations contained in Paragraph No. 60, 61, and 62 of the Plaintiff's amended complaint entitled "Count V."

As to "Count VI – False Imprisonment – Defendant Kyle Rooney"

25. As to paragraph 63 of that portion of the plaintiff's amended complaint entitled "Count VI," these defendants incorporate and repeat their answers herein to the allegations contained in paragraphs 1 through 62 as if incorporated and reiterated herein.

26. Defendants deny the allegations contained in Paragraph No. 64, 65, 66, and 67 of the Plaintiff's amended complaint entitled "Count VI."

As to "Count VII – Intentional Infliction of Emotional Distress – Defendant Officer Kyle Rooney"

27. As to paragraph 68 of that portion of the plaintiff's amended complaint entitled "Count VII," these defendants incorporate and repeat their answers herein to the allegations contained in paragraphs 1 through 67 as if incorporated and reiterated herein.

28. Defendants deny the allegations contained in Paragraph No. 69, 70, 71, 72, and 73 of the Plaintiff's amended complaint entitled "Count VII."

As to "Count VIII – Malicious Prosecution – Defendants Kyle Rooney, Sean Corrigan, and Town of Narragansett"

29. As to paragraph 74 of that portion of the plaintiff's amended complaint entitled "Count VIII," these defendants incorporate and repeat their answers herein to the allegations contained in paragraphs 1 through 73 as if incorporated and reiterated herein.

30. Defendants deny the allegations contained in Paragraph No. 75, 76, 77, and 78 of the Plaintiff's amended complaint entitled "Count VIII."

As to "Count IX – Supervisory Liability – Defendants Chief Sean Corrigan, Superintendent Peter Cummings, and Principal Daniel Warner"

31. As to paragraph 79 of that portion of the plaintiff's amended complaint entitled "Count IX," these defendants incorporate and repeat their answers herein to the allegations contained in paragraphs 1 through 78 as if incorporated and reiterated herein.

32. These defendants admit the allegations contained in paragraph 80 of that portion of the plaintiff's amended complaint entitled "Count IX."

33. These defendants deny the allegations contained in paragraph 81, 82, 83 and 84 of the plaintiff's amended complaint entitled "Count IX."

As to "Count X – Municipal Liability – Defendant Town of Narragansett"

34. As to paragraph 85 of that portion of the plaintiff's amended complaint entitled "Count X," these defendants incorporate and repeat their answers herein to the allegations contained in paragraphs 1 through 84 as if incorporated and reiterated herein.

35. These defendants deny the allegations contained in paragraph 86, 87, 88, 89, 90, 91, 92, and 93 of the plaintiff's amended complaint entitled "Count X."

As to "Count XI – Negligence – Defendants Town of Narragansett, Superintendent Peter Cummings, and Principal Daniel Warner"

36. As to paragraph 94 of that portion of the plaintiff's amended complaint entitled "Count XI," these defendants incorporate and repeat their answers herein to the allegations contained in paragraphs 1 through 93 as if incorporated and reiterated herein.

37. These defendants deny the allegations contained in paragraph 95, 96, 98 and 99 of the plaintiff's amended complaint entitled "Count XI."

38. These defendants admit the allegation contained in paragraph 97 of the plaintiff's amended complaint entitled "Count XI."

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

These defendants plead absolute and qualified immunity as a bar to the within amended complaint.

### SECOND AFFIRMATIVE DEFENSE

These defendants plead all forms of statutory and common law immunity as a bar to the within amended complaint.

## THIRD AFFIRMATIVE DEFENSE

These defendants plead the public duty doctrine as a bar to the within amended complaint.

## FOURTH AFFIRMATIVE DEFENSE

These defendants plead the statutory cap on damages as a bar and restriction on the amount of damages recoverable in this matter.

## FIFTH AFFIRMATIVE DEFENSE

These defendants specifically deny, object to and contest suit being brought in their individual capacities.

**These defendants hereby demand a jury trial.**

                                                         Defendants,
                                                         By their Attorneys,

                                                         */s/ Marc DeSisto*
                                                         Marc DeSisto, Esq. (#2757)
                                                         */s/ Caroline V. Murphy*
                                                         Caroline V. Murphy, Esq. (#9735)
                                                         DeSisto Law LLC
                                                         60 Ship Street
                                                         Providence, RI 02903
                                                         (401) 272-4442
                                                         marc@desistolaw.com
                                                         caroline@desistolaw.com

## CERTIFICATION OF SERVICE

I hereby certify that, on this 10th day of July 2020, I filed and served this document through the electronic filing system on the following:

Amato A. DeLuca, Esq. (#0531)
bud@delucaandassociates.com

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

                                                         */s/ Marc DeSisto*