MICHAEL BLANCHETTE         :
        :
    v.                 :     C.A. No. 1:20-cv-00231-WES-PAS
        :

THE TOWN OF NARRAGANSETT,   :
*by and through its Treasurer,* CHRISTINE   :
SPAGNOLI;         :
CHIEF SEAN CORRIGAN, *in his Individual*  :
*and Official Capacities;* OFFICER KYLE   :
ROONEY, *in his Individual and Official*   :
*Capacities;* SUPERINTENDENT   :
PETER CUMMINGS, *in his Individual and*   :
*Official Capacities;* and PRINCIPAL DANIEL  :
WARNER, *in his Individual and Official*   :
*Capacities;*         :
THE NARRAGANSETT SCHOOL   :
SYSTEM, *by and through its*   :
SUPERINTENDENT PETER   :
CUMMINGS;         :
THE NARRAGANSETT SCHOOL   :
COMMITTEE; TAMMY MCNIECE,   :
DIANE S. NOBLES, REBECCA H.   :
DURKIN, JUSTIN SKENYON,   :
and FRANK M. WHITE, *in their*   :
*individual and official capacities as*   :
*Members of* THE   :
NARRAGANSETT SCHOOL   :
COMMITTEE.         :

## AMENDED COMPLAINT

1.    On February 9, 2018, Michael Blanchette, a student at Narragansett High School, was walking through the hallway of the high school. Mr. Blanchette, troubling no one, was stopped by Officer Kyle Rooney, a school resource officer assigned by the Narragansett Police Department to the Narragansett School System and placed at Narragansett High School. Following a short conversation, Mr. Blanchette made a hand gesture to Officer Rooney. Officer Rooney immediately grabbed Mr. Blanchette, threw him to the ground, and choked him for several minutes, then arrested him, and charged him with disorderly conduct and resisting arrest.

2.     Officer Rooney's actions violated Michael Blanchette's right to be free from unreasonable seizure, the use of excessive force, and to exercise free speech under the First Amendment. Officer Rooney's actions were condoned and approved by the Chief of the Narragansett Police Department, the Narragansett Police Department, Narragansett School System officials, and the Town of Narragansett. As a result, Michael Blanchette endured an unwarranted prosecution for noncriminal conduct, experienced school discipline, in addition to the physical harm inflicted upon him and the embarrassment, shame, and loss of standing in the community caused by his wrongful arrest and prosecution.

3.     This is an action for money damages under 42 U.S.C. § 1983, the First, Fourth, and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Rhode Island, against Narragansett Police Officer Kyle Rooney, Police Chief Sean Corrigan, Superintendent Peter Cummings, Principal Daniel Warner, and the Town of Narragansett. Jurisdiction is conferred on this Court in 28 U.S.C. §§ 1331 and 1343, and the Court holds supplemental jurisdiction over the state common law claims under 28 U.S.C. § 1367.

4.     The plaintiff alleges that the defendants made an unreasonable seizure of his person, used excessive force in doing so, did so in retaliation for the exercise of the plaintiff's rights under the First Amendment, and, by exceeding the scope of the privileges afforded to them as officers of the law, committed the civil wrongs of assault, battery, and false imprisonment. Subsequent to the unlawful arrest, the defendants instituted a malicious prosecution of the plaintiff. It is further alleged that these violations and civil wrongs were committed as a result of deliberate indifference to the need to properly supervise, train, and control the actions of Officer Rooney through the policies, procedures, practices, and customs of Chief Sean Corrigan, of the Narragansett Police Department and by the Town of Narragansett.

## PARTIES

5.      Plaintiff Michael Blanchette is a resident and citizen of Narragansett, Rhode Island.

6.      Defendant Town of Narragansett is a municipal corporation existing under the laws of the State of Rhode Island and Providence Plantations, and Christine Spagnoli is the Finance Director and Town Treasurer.

7.      Defendant Sean Corrigan, upon information and belief is the Chief of the Narragansett Police Department and a resident of Narragansett, Rhode Island. Corrigan, who is named in his individual and official capacities, has been at all times relevant to the actions described in this Complaint the Chief of Police employed by the Town of Narragansett, and was the presiding officer over defendant Rooney. Chief Corrigan was responsible for the hiring, screening, training, supervision, and conduct of Officer Kyle Rooney.

8.      Defendant Kyle Rooney, upon information and belief is a sworn officer of the Narragansett Police Department and a resident of North Kingstown, and a citizen of the state of Rhode Island. He is sued, herein, in his individual and official capacity.

9.      Defendant Peter Cummings is the Superintendent and the governmental officer charged with administration of defendant School District, the Narragansett School System, and had the power to supervise and control the actions of staff personnel within the Narragansett High School at all times relevant to the actions described in this Complaint. He is sued, herein, in his individual and official capacity.

10.     Defendant Daniel Warner is the principal of Narragansett High School, and the governmental officer charged with administration of that body, a public agency within the defendant Narragansett School System. Warner had the power to supervise and control the actions of staff personnel within the Narragansett High School at all times relevant to the actions described in this Complaint, and held the authority to institute and confirm school disciplinary proceedings at all times relevant to the actions described in this Complaint. He is sued in his individual and official capacity.

11.    The Narragansett School System is a division of the Town of Narragansett and at all times relevant to this action was responsible for the care of children attending Narragansett Public Schools.

12.    The Narragansett School Committee is a governmental entity that the Town of Narragansett is required to establish under Rhode Island law and which has the power to care for, control, and manage the public schools in the Town of Narragansett.

13.    Tammy McNiece, Diane S. Nobles, Rebecca H. Durkin, Justin Skenyon, and Frank M. White are individuals who are each citizens of the State of Rhode Island and residents of the Town of Narragansett. They are each named in their individual capacities as well as their official capacities as Members of the Narragansett School Committee.

## JURISDICTION

14.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1343(a)(3)-(4), and 1367.

15.    The plaintiff's claims are authorized by 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201, 2202.

16.    Venue in this District is proper under 28 U.S.C. § 1391(b)(2), as the events, omissions, and actions giving rise to the plaintiff's claims occurred in the District of Rhode Island.

## FACTS

17.    Plaintiff Michael Blanchette was, at all times relevant to the actions described in this Complaint, a minor entitled to attend the Narragansett High School and to be present upon its premises.

18.    Plaintiff Michael Blanchette was a student with an individualized educational plan, or IEP, which entitled him to move throughout the halls of the Narragansett High School without a hall pass during certain periods.

19.    On February 9, 2018, during a period in which Mr. Blanchette was permitted to move freely about the hallways under his IEP, defendant Rooney stopped and accosted Mr. Blanchette.

20. Defendant Rooney, without authority or probable cause, detained Mr. Blanchette and demanded that he account for his lawful presence, and wrongly demanded that Mr. Blanchette proceed to a particular classroom.

21. Plaintiff Blanchette, in accordance with his educational plan and rights, informed Defendant Rooney of his right to be present in the hallway.

22. Defendant Rooney rejected Mr. Blanchette's right to be in the hallway and ordered him to a classroom.

23. Plaintiff Michael Blanchette, while standing still and not otherwise moving, made a rude hand gesture to defendant Rooney, designed to communicate his dislike and displeasure for defendant Rooney's unlawful orders, and began to turn to leave.

24. Defendant Rooney then reached out and grabbed Mr. Blanchette, violently slamming him to the ground.

25. While defendant Rooney was unlawfully seizing the plaintiff, staff personnel from the Narragansett School System observed his actions and took no steps to intervene, passively observing defendant Rooney's excessive force in continuing to hold, restrain, and choke the plaintiff.

26. Defendant Rooney, after several minutes of pressing the plaintiff into the floor, placed him in handcuffs and arrested him.

27. The video herein embedded depicts Defendant Rooney's unlawful arrest of Mr. Blanchette:

28. Plaintiff Michael Blanchette was charged with disorderly conduct and resisting arrest on or about February 21, 2018, and these charges were dismissed with prejudice in June of 2019.

29. Defendant Sean Corrigan was responsible for the hiring, training, supervision, and retention of defendant Rooney.

30. Defendant Corrigan created, instituted, maintained, and was responsible for enforcing policies and procedures relating to arrests, seizures, the safe employment of force, and

the requirement that police officers not retaliate against citizens for the exercise of their rights under the First Amendment to the United States Constitution.

31.    Defendant Corrigan failed to properly evaluate, train, and supervise defendant Rooney, and failed to implement and enforce policies necessary to prevent the occurrence of violations of the plaintiff's civil rights. These failures were the result of defendant Corrigan's deliberate indifference to the violation of the plaintiff's civil rights.

32.    Defendants Warner and Cummings, in their roles within the Narragansett School System, create, implement, and administer school disciplinary proceedings.

33.    Defendants Warner and Cummings disciplined plaintiff Michael Blanchette by imposing a five-day suspension for his actions in being unlawfully arrested in violation of his constitutional rights.

34.    Defendants Warner, Cummings, The Narragansett School Committee, McNiece, Nobles, Durkin, Skenyon, and White created, instituted, maintained, and were responsible for enforcing policies, procedures, and practices that govern interactions between school Resource Officers and students, the use of force by school Resource Officers, and arrests within the Narragansett School System.

35.    Defendants Warner, Cummings, The Narragansett School Committee, McNiece, Nobles, Durkin, Skenyon, and White failed to create, implement, and enforce reasonable policies, practices, and procedures that would have prevented the unlawful seizure and arrest of plaintiff Michael Blanchette, the excessive force employed by defendant Rooney in making that arrest, and would have prevented defendant Rooney from retaliating against Mr. Blanchette for the exercise of his right to free speech. defendants Warner and Cummings' failures were the result of deliberate indifference to the violation of Mr. Blanchette's civil rights.

36.    Defendants Warner, Cumming, The Narragansett School Committee, McNiece, Nobles, Durkin, Skenyon, and White disciplined Mr. Blanchette for engaging in speech

protected under the First Amendment to the United States Constitution and did so to retaliate against him for his exercise of free speech.

## NOTICE OF CLAIM

37. Prior to institution of the within action against the Town of Narragansett, plaintiff complied with R.I.G.L. § 45-15-5 and more than forty (40) days have elapsed since plaintiff made presentment of his claim to the Town of Narragansett without receiving just and due compensation from the said town.

## COUNT I – 42 U.S.C. § 1983 ILLEGAL STOP AND SEIZURE
### Defendant Officer Kyle Rooney

38. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 37 as if incorporated and reiterated herein.

39. At all times relevant herein, defendant Rooney was acting under color of law by exercising power made possible because the defendant was clothed with the authority of law.

40. The actions of defendant Rooney in detaining Michael Blanchette violated Mr. Blanchette's rights under the Fourth Amendment, as incorporated against the States through the Fourteenth Amendment to the United States Constitution and displayed both deliberate indifference to and a reckless disregard of Mr. Blanchette's constitutional rights.

41. Plaintiff Michael Blanchette claims damages for the injuries set forth above in accordance with 42 U.S.C. § 1983 against defendant Rooney for the violation of his constitutional rights by action taken under color of law.

42. As a direct and proximate result of the actions by defendant Rooney, Michael Blanchette has endured physical pain and suffering and emotional distress; moreover, Michael Blanchette has incurred medical bills, lost income, and will continue to incur future medical bills, pain and suffering, and lost income.

43.     Defendant Rooney's unlawful seizure of Michael Blanchette was not reasonable and was unsupported by probable cause, in derogation of rights secured to the plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff Michael Blanchette prays this Honorable Court:

a.      Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.      Award plaintiff punitive damages against all defendants individually for each count alleged in the Complaint;

c.      Award plaintiff reasonable attorneys' fees, expert fees and court costs in accordance with 42 U.S.C. §1988 for the prosecution of his 42 U.S.C. §1983 claims;

d.      Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

e.      Award plaintiff legal interest and costs, plus prejudgment and postjudgment interest; and

f.      Award such other and further relief as this Honorable Court deems right and just.

WHEREFORE, the plaintiff respectfully requests that this Court award compensatory and punitive damages for the harms suffered as a result of the Constitutional violations described above, award reasonable attorneys' fees, costs, interest and litigation expenses as provided by 42 U.S.C. §§ 1983 and 1988, and grant any other relief as the Court may deem appropriate.

## COUNT II – 42 U.S.C. § 1983 EXCESSIVE FORCE
### Defendant Officer Kyle Rooney

44.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 43 as if incorporated and reiterated herein.

45.     At all times relevant herein, defendant Rooney were acting under color of law by exercising power made possible because the defendant was clothed with the authority of law.

46.     Defendant Rooney used unlawful and unreasonably excessive force in stopping and seizing Michael Blanchette, in violation of Mr. Blanchette's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Defendant Rooney's actions displayed both deliberate indifference and a reckless disregard of Michael Blanchette's constitutional rights.

47.     Defendant Rooney's excessive force was neither necessary nor just, constituted unreasonable force in the unjustified seizure of Mr. Blanchette's person and, thus, deprived Mr. Blanchette of his rights under the Fourth and Fourteen Amendments to the United States Constitution.

48.     Plaintiff Michael Blanchette claims damages for the injuries set forth above in accordance with 42 U.S.C. § 1983 against defendant Rooney for violation of his constitutional rights under color of law.

49.     As a direct and proximate result of the actions by defendant Rooney, Michael Blanchette has endured physical pain and suffering and emotional distress; moreover, Michael Blanchette has incurred medical bills, lost income, and will continue to incur future medical bills, pain and suffering, and lost income.

        WHEREFORE, plaintiff Michael Blanchette prays this Honorable Court:

a.      Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.      Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c.      Award plaintiff reasonable attorneys' fees, expert fees and court costs in accordance with 42 U.S.C. § 1988 for the prosecution of his 42 U.S.C. § 1983 claims;

d.      Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

e.      Award plaintiff legal interest and costs, plus prejudgment and postjudgment interest; and

f.      Award such other and further relief as this Honorable Court deems right and just.

WHEREFORE, the plaintiff respectfully requests that this Court issue appropriate declaratory and injunctive relief to stop the constitutional violations described above, and award reasonable attorneys' fees, costs, and litigation expenses as provided by 42 U.S.C. § 1988, and grant any other such relief as the Court may deem appropriate.

## COUNT III – FIRST AMENDMENT RETALIATION
### Defendants Officer Kyle Rooney and Chief Sean Corrigan

50.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 49 as if incorporated and reiterated herein.

51.    At all times relevant herein, defendants Rooney, and Corrigan were acting under color of law by exercising power under a grant of authority provided for under State law, clothing the defendants with the authority of law.

52.    Probable cause did not exist to support an arrest of the plaintiff, nor of charging the plaintiff with either disorderly conduct or resisting arrest.

53.    The actions of defendants Rooney and Corrigan were undertaken with the motive and intent to retaliate against Michael Blanchette for the exercise of speech protected by the First Amendment to the United States Constitution.

54. Defendants Rooney and Corrigan would not and have not undertaken the same actions—arrest, prosecution, and discipline—in cases with individuals similarly situated to the plaintiff.

55. The defendants' actions, taken to retaliate against Mr. Blanchette for the exercise of his constitutional rights under the First Amendment, deprived Mr. Blanchette of his right to exercise free speech under the First Amendment to the United States Constitution.

56. Plaintiff Michael Blanchette claims damages for the injuries set forth above in accordance with 42 U.S.C. § 1983 against defendants Rooney, Corrigan, Cummings, and Warner for violation of his constitutional rights under color of law.

57. As a direct and proximate result of the actions by defendants Rooney and Corrigan, Michael Blanchette has endured physical pain and suffering and emotional distress; moreover, Michael Blanchette has incurred medical bills, lost income, and will continue to incur future medical bills, pain and suffering, and lost income.

WHEREFORE, plaintiff Michael Blanchette prays this Honorable Court:

a. Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b. Award plaintiff punitive damages against all defendants individually for each count alleged in the Complaint;

c. Award plaintiff reasonable attorneys' fees, expert fees and court costs in accordance with 42 U.S.C. § 1988 for the prosecution of his 42 U.S.C. § 1983 claims;

d.      Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

e.      Award plaintiff legal interest and costs, plus prejudgment and postjudgment interest; and

f.      Award such other and further relief as this Honorable Court deems right and just.

## COUNT IV – ASSAULT
### Defendant Kyle Rooney

58.      Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 57 as if incorporated and reiterated herein.

59.      Defendant Rooney, without need or justification, grabbed the plaintiff, wrapped him in his arms, threw the plaintiff to the ground, and proceeded to hit, choke, and smother Mr. Blanchette, which caused Blanchette to suffer apprehension of an immediate harmful contact.

60.      The defendants' negligent, reckless, and egregious conduct indicates a flagrant disregard for Mr. Blanchette's safety.

61.      As a direct and proximate result of the actions and/or omissions of defendant Rooney, Michael Blanchette has endured physical pain and suffering and emotional distress; moreover, Michael Blanchette has incurred medical bills, lost income, and will continue to incur future medical bills, pain and suffering and lost income.

WHEREFORE, plaintiff Michael Blanchette prays this Honorable Court:

a.      Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b. Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c. Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

d. Award plaintiff legal interest and costs, plus prejudgment interest pursuant to R.I. Gen. Law §9-21-10; and

e. Award such other and further relief as this Honorable Court deems right and just.

## COUNT V – BATTERY
### Defendant Kyle Rooney

62. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 61 as if incorporated and reiterated herein.

63. Defendant Rooney grabbed the plaintiff, threw the plaintiff to the ground, and proceeded to hit, choke, and smother Mr. Blanchette.

64. The acts of defendant Rooney were all done without Michael Blanchette's consent.

65. As a direct and proximate result of the actions and/or omissions of defendant Rooney, Michael Blanchette has endured physical pain and suffering and emotional distress; moreover, Michael Blanchette has incurred medical bills, lost income, and will continue to incur future medical bills, pain and suffering and lost income.

WHEREFORE, plaintiff Michael Blanchette prays this Honorable Court:

a. Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b. Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

  c.  Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

  d.  Award plaintiff legal interest and costs, plus prejudgment and postjudgment interest; and

  e.  Award such other and further relief as this Honorable Court deems right and just.

## COUNT VI – FALSE IMPRISONMENT
### Defendant Kyle Rooney

66. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 65 as if incorporated and reiterated herein.

67. Defendant Rooney brandished excessive force, while cloaked with the authority of the Narragansett Police Department, and arrested Mr. Blanchette without a reasonable basis for doing so and without probable cause.

68. Defendant Rooney lacked a reasonable basis for apprehending Michael Blanchette and, thus, the arrest of Mr. Blanchette was an unfounded assertion of authority that lacked probable cause to support the arrest.

69. Defendant Rooney's course of action and conduct resulted in an intentional, unconsented, and unlawful restraint of Michael Blanchette's physical liberty.

70. As a direct and proximate result of the actions and/or omissions of defendant Rooney, Michael Blanchette has endured physical pain and suffering and emotional distress; moreover, Mr. Blanchette has incurred medical bills, lost income, and will continue to incur future medical bills, pain and suffering and lost income.

  WHEREFORE, plaintiff Michael Blanchette prays this Honorable Court:

a.      Award plaintiff all reasonable compensatory damages to plaintiff, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages for each count alleged in the Complaint;

b.      Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c.      Award plaintiff reasonable attorney's fees and court costs pursuant to federal and state law;

d.      Award plaintiff legal interest and costs, plus prejudgment and postjudgment interest; and

e.      Award such other and further relief, as this Court may deem appropriate.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Defendant Officer Kyle Rooney

71.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 70 as if incorporated and reiterated herein.

72.    Defendant Rooney's conduct when he grabbed the plaintiff, wrapped him in his arms, threw the plaintiff to the ground, and proceeded to hit, choke, and smother Mr. Blanchette, exposes an intentional and/or reckless disregard of the probability of causing plaintiff emotional distress.

73.    The conduct was extreme and outrageous.

74.    There is a causal connection between defendant Rooney's conduct and the emotional distress suffered by the plaintiff.

75.    As a direct result of the intentional infliction of emotional distress by the defendants, plaintiff has suffered serious mental anguish.

76.    As a direct and proximate result of the actions and/or omissions of defendant Kyle Rooney, Mr. Blanchette has endured physical pain and suffering and emotional distress.

WHEREFORE, plaintiff Michael Blanchette prays this Honorable Court:

a.   Award plaintiff all reasonable compensatory damages to plaintiff, including for lost wages, medical bills, mental anguish and emotional distress, and any other compensatory damages for each count alleged in the Complaint;

b.   Award plaintiff punitive damages against all defendants for each count alleged in the complaint;

c.   Award plaintiff reasonable attorney's fees and court costs pursuant to federal and state law;

d.   Award plaintiff legal interest and costs, plus prejudgment and postjudgment interest; and

e.   Award such other and further relief as this Court may deem appropriate.

## COUNT VIII – MALICIOUS PROSECUTION
### Defendants Kyle Rooney, Sean Corrigan, and Town of Narragansett

77.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 76 as if incorporated and reiterated herein.

78.   Defendants Rooney, Corrigan, and the Town of Narragansett instituted a prosecution of Michael Blanchette on charges of disorderly conduct and resisting arrest.

79.   The defendants knew at the time that they instituted these proceedings that there was no probable cause to support these charges.

80.   The defendants knew at the time that they instituted these proceedings that the charges were filed in retaliation for Mr. Blanchette's exercise of his First Amendment right to free speech and that they had no probable cause to do so.

81.   The criminal charges filed by the defendants terminated unsuccessfully and in Michael Blanchette's favor.

WHEREFORE, plaintiff Michael Blanchette prays this Honorable Court:

a.  Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.  Award plaintiff punitive damages against all defendants for each count alleged in the Complaint as allowed by law;

c.  Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

d.  Award plaintiff legal interest and costs, plus prejudgment and postjudgment interest; and

e.  Award such other and further relief as this Honorable Court deems right and just.

## COUNT IX – SUPERVISORY LIABILITY
### Defendants Chief Sean Corrigan, Superintendent Peter Cummings, and Principal Daniel Warner

82. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 81 as if incorporated and reiterated herein.

83. At all times relevant hereto, defendants Corrigan, Cummings, and Warner were acting under color of law, by exercising power under a grant of authority conferred by state law that clothed the defendants with the authority of law.

84. Defendants Corrigan, Cummings, and Warner acted with reckless disregard and deliberate indifference in hiring, screening and training defendant Rooney.

85. Defendants Corrigan, Cummings, and Warner failed to provide adequate training, education, and discipline of defendant Rooney, which caused the violation of the

plaintiff's constitutional rights, as protected by the Fourth and Fourteenth Amendments to the United States Constitution.

86. Defendants Corrigan, Cummings, and Warner's acts and omissions amount to a deliberate indifference to the violations of the plaintiff's civil rights, and the defendants either knew of defendant Rooney's violations of the plaintiff's civil rights or approved of those violations, whether overtly or tacitly, and disregarded defendant Rooney's conduct.

87. As a direct and proximate result of the actions by each of the defendants Corrigan, Cummings, and Warner, Michael Blanchette has endured physical pain and suffering and emotional distress; moreover, Michael Blanchette has incurred medical bills, lost income, and will continue to incur future medical bills, pain and suffering and lost income in violation of 42 U.S.C. § 1983.

WHEREFORE, plaintiff Michael Blanchette prays this Honorable Court:

a. Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b. Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c. Award plaintiff reasonable attorneys' fees, expert fees and court costs in accordance with 42 U.S.C. § 1988 for the prosecution of his 42 U.S.C. § 1983 claims;

d. Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

e. Award plaintiff legal interest and costs, plus prejudgment interest; and

f.    Award such other and further relief as this Honorable Court deems right and just.

## COUNT X – MUNICIPAL LIABILITY
### Defendant Town of Narragansett

88.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 87 as if incorporated and reiterated herein.

89.    Defendant Town of Narragansett developed and maintained customs, policies, and/or practices exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of Michael Blanchette's rights.

90.    It was the custom, policy, and/or practice of the Town of Narragansett to provide no training or grossly inadequate training to its school resource police officers regarding the following: their duties, responsibilities and conduct towards citizens and students; use of force, including the use of choke holds on minors; preventing abuse of authority; communicating with citizens; and, tactics for approaching and otherwise de-escalating situations.

91.    It was the policy and/or custom or practice of the Town of Narragansett to conduct grossly inadequate screening in the hiring of its police officers regarding the officers' propensities for violence, abuse of authority and bias towards citizens.

92.    It was the policy and/or custom or practice of the Town of Narragansett to provide grossly inadequate supervision, discipline, and remediation to officers.

93.    The Town of Narragansett has been deliberately indifferent in training, supervising and disciplining officers regarding their duties, responsibilities and conduct towards citizens; use of force; preventing abuse of authority; and, tactics for approaching and otherwise de-escalating situations with the citizens, so as to avoid the victimization of citizens.

94.     The Town of Narragansett has been deliberately indifferent in screening and hiring officers, who demonstrate their propensities for violence, abuse of authority and bias towards citizens.

95.     As a direct and proximate result of the foregoing acts, omissions, systemic deficiencies, and deliberate indifference on the part of the Town of Narragansett, Michael Blanchette was deprived of his constitutional rights and injured.

96.     The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the Town of Narragansett to the constitutional rights of persons within the Town, and were the cause of the violations of Michael Blanchette's rights alleged herein.

WHEREFORE, the plaintiff Michael Blanchette requests that this Court:

a.     Award plaintiff all reasonable compensatory damages to plaintiff, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages for each count alleged in the Complaint;

b.     Award plaintiff punitive damages against all defendants for each count alleged in the Complaint as allowed by law;

c.     Award plaintiff reasonable attorneys' fees, expert fees and court costs in accordance with 42 U.S.C. § 1988 for the prosecution of his 42 U.S.C. § 1983 claims;

d.     Award plaintiff reasonable attorney's fees and court costs pursuant to federal and state law;

e.     Award plaintiff legal interest and costs, plus prejudgment and postjudgment; and

f.     Award such other and further relief, as this Court may deem appropriate.

## COUNT XI – NEGLIGENCE
**Defendants Town of Narragansett, Superintendent Peter Cummings, Principal Daniel Warner, The Narragansett School System, The Narragansett School Committee, Tammy J. McNiece, Diane S. Nobles, Rebecca H. Durkin, Justin Skenyon, and Frank M. White**

97. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 96 as if incorporated and reiterated herein.

98. At all times relevant to this action, the Town of Narragansett, Superintendent Peter Cummings, Principal Daniel Warner, The Narragansett School System, The Narragansett School Committee, Tammy McNiece, Diane Nobles, Rebecca H. Durkin, Justin Skenyon, and Frank M. White controlled and directed all activities at Narragansett High School, including the presence of all staff and school resource officers.

99. The Town of Narragansett, Superintendent Peter Cummings, and Principal Daniel Warner stood in a special relationship with students at Narragansett High School, including the plaintiff Michael Blanchette.

100. At all times relevant to this action, the defendants owed the plaintiff a duty of reasonable care in their actions at the Narragansett High School.

101. The defendants violated their duty to operate the Narragansett High School in a reasonably safe manner by failing to take reasonable steps to control the foreseeable activities of defendant Kyle Rooney, implement policies and procedures that would have prevented any harm to the plaintiff and by other failures and/or omissions.

102. As a direct and proximate result of the foregoing acts, omissions, systemic deficiencies, and deliberate indifference, by the defendants, Michael Blanchette suffered injuries to his person.

WHEREFORE, the plaintiff Michael Blanchette requests that this Court:

a. Award plaintiff all reasonable compensatory damages to plaintiff, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages for each count alleged in the Complaint;

b. Award plaintiff punitive damages against all defendants for each count alleged in the Complaint as allowed by law;

c. Award plaintiff reasonable attorney's fees and court costs pursuant to federal and state law;

d. Award plaintiff legal interest and costs, plus prejudgment and postjudgment; and

e. Award such other and further relief, as this Court may deem appropriate.

Plaintiff,
By his attorney,


/s/ Amato A. DeLuca
Amato A. DeLuca (#0531)
**Cooperating Attorney,**
**American Civil Liberties Union**
**Foundation of Rhode Island,**
199 North Main Street
Providence, RI 02903
401-453-1500
401-453-1501 Fax
bud@delucaandassociates.com

**PLAINTIFF DEMANDS A TRIAL BY JURY**
**AND DESIGNATES AMATO A. DELUCA AS TRIAL ATTORNEY**

| | |
|---|---|
| MICHAEL BLANCHETTE | : |
| | : |
| v. | :      C.A. No. 1:20-cv-00231-WES-PAS |
| | : |
| THE TOWN OF NARRAGANSETT, | : |
| *by and through its Treasurer*, CHRISTINE | : |
| SPAGNOLI; | : |
| CHIEF SEAN CORRIGAN, *in his Individual* | : |
| *and Official Capacities;* OFFICER KYLE | : |
| ROONEY, *in his Individual and Official* | : |
| *Capacities;* SUPERINTENDENT | : |
| PETER CUMMINGS, *in his Individual and* | : |
| *Official Capacities;* and PRINCIPAL DANIEL | : |
| WARNER, *in his Individual and Official* | : |
| *Capacities;* | : |
| THE NARRAGANSETT SCHOOL | : |
| SYSTEM, *by and through its* | : |
| SUPERINTENDENT PETER | : |
| CUMMINGS; | : |
| THE NARRAGANSETT SCHOOL | : |
| COMMITTEE; TAMMY MCNIECE, | : |
| DIANE S. NOBLES, REBECCA H. | : |
| DURKIN, JUSTIN SKENYON, | : |
| and FRANK M. WHITE, *in their* | : |
| *individual and official capacities as* | : |
| *Members of* THE | : |
| NARRAGANSETT SCHOOL | : |
| COMMITTEE. | : |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and that paper copies have been sent to those indicated as non-registered participants (if applicable) on this 9th day of February 2021.

/s/ Amato A. DeLuca