UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL BLANCHETTE
    *Plaintiff,*

v.                                                     C.A. No. 1:20-cv-00231-WES-PAS

THE TOWN OF NARRAGANSETT,
*By and through its Treasurer*, CHRISTINE
SPAGNOLI,
CHIEF SEAN CORRIGAN, *in his individual*
*And Official Capacities;* OFFICER KYLE
ROONEY, *in his individual and official*
*Capacities;* SUPERINTENDENT
PETER CUMMINGS, *in his individual and*
*Official capacities; and* PRINCIPAL DANIEL
WARNER, *in his individual and official*
*Capacities;*
THE NARRAGANSETT SCHOOL
SYSTEM, *by and through its*
SUPERINTENDENT PETER
CUMMINGS;
THE NARRAGANSETT SCHOOL
COMMITTEE; TAMMY MCNIECE,
DIANE S. NOBLES, REBECCA H.
DURKIN, JUSTIN SKENYON,
And FRANK M. WHITE, *in their*
*Individuals and officials capacities as*
*Members of* THE NARRAGANSETT
SCHOOL COMMITTEE
    *Defendants.*

## **DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Now come Defendants, the Town of Narragansett, by and through its Treasurer, Christine Spagnoli, Chief Sean Corrigan, in his individual and official capacities, Officer Kyle Rooney, in his individual and official capacities, Superintendent Peter Cummings, in his individual and official capacities, and Principal Daniel Warner, in his individual and official capacities, Narragansett School System, Tammy McNiece, Diane S. Nobles, Rebecca H. Durkin, Justin Skenyon, and Frank M. White, in their individual and official capacities as members of the

Narragansett School Committee and hereby answer Plaintiff, Michael Blanchette's second amended complaint as follows:

1. These defendants admit only to the extent that Michael Blanchette was stopped by Officer Kyle Rooney, a school resource officer assigned by the Narragansett Police Department to the Narragansett School System and placed at Narragansett High School but deny the remaining allegations contained in paragraph 1 of that portion of the Plaintiff's second amended complaint in the untitled section of the complaint.

2. Defendants deny the allegations contained in Paragraph Nos. 2 and 4 of that portion of the Plaintiff's complaint in the untitled section of the second amended complaint.

3. Defendants admit the allegations contained in Paragraph No. 3 of that portion of the Plaintiff's complaint in the untitled section of the second amended complaint.

As to "Parties"

4. Defendants admit the allegations contained in Paragraph Nos. 5, 6, and 11 of that portion of the Plaintiff's second amended complaint entitled "Parties".

5. Defendants admit the allegations contained in Paragraph Nos. 7, 8, 9, and 10 of the Plaintiff's second amended complaint entitled "Parties" but object and contest suit being brought in their individual capacities.

6. Defendants admit the allegations that the contained in Paragraph No. 12 of the Plaintiff's second amended complaint to the extent that the Narragansett School Committee is a governmental entity that the Town of Narragansett is required to establish under Rhode Island law, but deny to the remainder to the extent that the remainder conflicts with the Narragansett School Committee Policy Book.

7. Defendants admit the allegations contained in Paragraph No. 13 of the Plaintiff's second amended complaint to the extent that these individuals are citizens of the State of Rhode Island, however, Defendants are without sufficient information at this time to admit or deny whether Frank M. White, who has retired from the school committee, is currently a resident of the Town of Narragansett. Defendants also object and contest suit being brought in their individual capacities.

As to "Jurisdiction"

8. Defendants make no response to the allegations contained in Paragraph Nos. 14 and 15 of the Plaintiff's second amended complaint entitled "Jurisdiction" and leave Plaintiff to his proof of same.

9. Defendants admit the allegations contained in Paragraph No. 16 of the Plaintiff's second amended complaint entitled "Jurisdiction."

As to "Facts"

10. Defendants deny the allegations contained in Paragraph Nos. 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 30, 31, 33, 35, and 36 of the Plaintiff's second amended complaint entitled "Facts."

11. Defendants admits the allegations contained in Paragraph Nos. 29, and 32 of the Plaintiff's second amended complaint entitled "Facts."

12. Defendants admit the allegations contained in Paragraph No. 28 that Plaintiff Michael Blanchette was charged with disorderly conduct and resisting arrest on or about February 21, 2018, but deny the remaining allegations contained in Paragraph No. 28 of the Plaintiff's second amended complaint entitled "Facts."

13. Defendants deny the allegations contained in Paragraph No. 34 to the extent that the remainder conflicts with the Narragansett School Committee Policy Book.

As to "Notice of Claim"

14. These defendants admit the allegations contained in paragraph 37 of that portion of the Plaintiff's Second amended complaint entitled "Notice of Claim."

As to "Count I – 42 U.S.C. §1983 Illegal Stop and Seizure – Defendant Officer Kyle Rooney"

15. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 37 as said allegations are incorporated in Paragraph No. 38.

16. Defendants admit the allegations contained in Paragraph No. 39 of the Plaintiff's second amended complaint entitled "Count I."

17. Defendants deny the allegations contained in Paragraph Nos. 40, 41, 42 and 43 of the Plaintiff's second amended complaint entitled "Count I"

As to "Count II – 42 U.S.C. §1983 Excessive Force – Defendant Officer Kyle Rooney"

18. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 43 as said allegations are incorporated in Paragraph No. 44.

19. Defendants admit the allegations contained in Paragraph No. 45 of the Plaintiff's second amended complaint entitled "Count II."

20. Defendants deny the allegations contained in Paragraph Nos. 46, 47, 48 and 49 of the Plaintiff's second amended complaint entitled "Count II."

As to "Count III – First Amendment Retaliation – Defendants Officer Kyle Rooney and Chief Sean Corrigan"

21. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 49 as said allegations are incorporated in Paragraph No. 50.

22. Defendants admit the allegations contained in Paragraph No. 51 of the Plaintiff's second amended complaint entitled "Count III."

23. Defendants deny the allegations contained in Paragraph Nos. 52, 53, 54, 55, 56 and 57 of the Plaintiff's second amended complaint entitled "Count III."

As to "Count IV – Assault – Defendant Kyle Rooney"

24. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 57 as said allegations are incorporated in Paragraph No. 58.

25. Defendants deny the allegations contained in Paragraph Nos. 59, 60 and 61 of the Plaintiff's second amended complaint entitled "Count IV."

As to "Count V – Battery – Defendant Kyle Rooney"

26. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 61 as said allegations are incorporated in Paragraph No. 62.

27. Defendants deny the allegations contained in Paragraph Nos. 63, 64 and 65 of the Plaintiff's second amended complaint entitled "Count V."

As to "Count VI – False Imprisonment – Defendant Kyle Rooney"

28. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 65 as said allegations are incorporated in Paragraph No. 66.

29. Defendants deny the allegations contained in Paragraph Nos. 67, 68, 69 and 70 of the Plaintiff's second amended complaint entitled "Count VI."

As to "Count VII – Intentional Infliction of Emotional Distress – Defendant Officer Kyle Rooney"

30. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 70 as said allegations are incorporated in Paragraph No. 71.

31. Defendants deny the allegations contained in Paragraph Nos. 72, 73, 74, 75 and 76 of the Plaintiff's second amended complaint entitled "Count VII."

As to "Count VIII – Malicious Prosecution – Defendants Kyle Rooney, Sean Corrigan, and Town of Narragansett"

32. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 76 as said allegations are incorporated in Paragraph No. 77.

33. Defendants deny the allegations contained in Paragraph Nos. 78, 79, 80 and 81 of the Plaintiff's second amended complaint entitled "Count VIII."

As to "Count IX – Supervisory Liability – Defendants Chief Sean Corrigan, Superintendent Peter Cummings, and Principal Daniel Warner"

34. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 81 as said allegations are incorporated in Paragraph No. 82.

35. These defendants admit the allegations contained in Paragraph No. 83 of that portion of the Plaintiff's second amended complaint entitled "Count IX."

36. These defendants deny the allegations contained in Paragraph Nos. 84, 85, 86 and 87 of the Plaintiff's second amended complaint entitled "Count IX."

As to "Count X – Municipal Liability – Defendant Town of Narragansett"

37. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 87 as said allegations are incorporated in Paragraph No. 88.

38. These defendants deny the allegations contained in Paragraph Nos. 89, 90, 91, 92, 93, 94, 95 and 96 of the Plaintiff's second amended complaint entitled "Count X."

As to "Count XI – Negligence – Defendants Town of Narragansett, Superintendent Peter Cummings, and Principal Daniel Warner, The Narragansett School System, The Narragansett

School Committee, Tammy J. McNiece, Diane S. Nobles, Rebecca H. Durkin, Justin Skenyon, and Frank M. White"

39. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 96 as said allegations are incorporated in Paragraph No. 97.

40. These defendants deny the allegations contained in Paragraph Nos. 98, 99, 101 and 102 of the Plaintiff's second amended complaint entitled "Count XI."

41. These defendants deny the allegations contained in Paragraph No. 100 of the Plaintiff's second amended complaint entitled "Count XI" to the extent that the allegations are too general regarding the applicable duties.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

These Defendants plead absolute and qualified immunity as a bar to the within second amended complaint.

### SECOND AFFIRMATIVE DEFENSE

These Defendants plead all forms of statutory and common law immunity as a bar to the within second amended complaint.

### THIRD AFFIRMATIVE DEFENSE

These Defendants plead the public duty doctrine as a bar to the within amended complaint.

### FOURTH AFFIRMATIVE DEFENSE

These Defendants plead the statutory cap on damages as a bar and restriction on the amount of damages recoverable in this matter.

## FIFTH AFFIRMATIVE DEFENSE

These Defendants specifically deny, object to and contest suit being brought in their individual capacities.

**<u>These defendants hereby demand a jury trial.</u>**

    Defendants,
    By their Attorneys,

    <u>*/s/ Marc DeSisto*</u>
    Marc DeSisto, Esq. (#2757)
    <u>*/s/ Caroline V. Murphy*</u>
    Caroline V. Murphy, Esq. (#9735)
    DeSisto Law LLC
    60 Ship Street
    Providence, RI 02903
    (401) 272-4442
    marc@desistolaw.com
    caroline@desistolaw.com

## CERTIFICATION OF SERVICE

I hereby certify that, on this 1st day of March 2021, I filed and served this document through the electronic filing system on the following:

    Amato A. DeLuca, Esq. (#0531)
    bud@delucaandassociates.com

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

    <u>*/s/ Marc DeSisto*</u>